UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RUMELY, et al.,<br><br>                          Plaintiffs,<br><br>  v.<br><br>MEDNAX, INC. and PEDIATRIX MEDICAL GROUP,<br><br>                          Defendants. | Case No.: 21-cv-00152-BAS-JLB<br><br>**ORDER GRANTING DEFENDANTS'** ***EX PARTE*** **APPLICATION FOR A STAY PENDING A DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**<br><br>**(ECF No. 8)** |

Before the Court is Defendants' *Ex Parte* Application ("App.") to stay this action pending a ruling by the Judicial Panel on Multidistrict Litigation ("JPML") on Defendants' Motion to Transfer and Consolidate for Coordinated Pretrial Proceedings. (ECF No. 8.) Defendants requested consolidation because four similar actions in three different judicial districts "are premised on the same basic set of alleged facts and assert similar claims." (*Id.* at 4.) Defendants argue that in the absence of a stay of this case, Defendants may be required "to litigate in multiple forums, conduct[] duplicative discovery and motion practice, and face[] potentially inconsistent rulings on identical issues." (*Id.*) Plaintiffs oppose. (ECF No. 10.)

*Ex parte* relief is rarely justified. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). To warrant *ex parte* relief, the moving party must show that it will suffer irreparable harm if the motion is not heard on an expedited schedule

and that it either did not create the circumstances warranting *ex parte* relief or that the circumstances occurred as a result of excusable neglect. *Id.* at 492. "If the threatened prejudice would not be severe, then it must be apparent that the underlying motion has a high likelihood of success on the merits." *Id.* As to the second consideration, the moving party must show that despite acting with due diligence, they still face exigent circumstances requiring expedited resolution. *See id.* at 493; *see also In re Intermagnetics America, Inc.*, 101 Bankr. 191, 193 (C.D. Cal. 1989) ("Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have . . . .").

First, the Court notes that the circumstances necessitating this Application do not appear to have been caused by Defendants. Defendants' consolidation brief before the JPML reflects that the four related cases were filed or removed to federal court around the same time or later than the instant case, with the latest removed on February 25, 2021. (*See In Re: Mednax Svcs., Inc., Consumer Data Security Breach Litig.* ("*In Re: Mednax*"), MDL No. 2994, ECF No. 1-7.) Defendants filed their consolidation motion the next day, which was accepted on March 1, 2021. (*See id.*, ECF Nos. 1, 2.) Defendants promptly conferred with Plaintiffs' counsel about a stay, and after failing to reach an agreement on March 3, 2021, Defendants filed the instant Application the same day. (Decl. of Alexander Akerman ¶¶ 2–3, ECF 8-1.) While Defendants' response to the Complaint in this action is due March 9, 2021, and they could have requested another extension to respond, the Court does not find it likely that they would have received an extension long enough to accommodate a full briefing on a regularly noticed motion to stay.

Second, as a threshold issue, the Court notes that being compelled to comply with litigation obligations, such as a response deadline, does not provide an *ex parte* basis for seeking a stay. *See In re ConAgra Foods, Inc.*, No. CV 11-05379-MMM (AGRx), 2014 U.S. Dist. LEXIS 194202, at *7 (C.D. Cal. Dec. 29, 2014). However, despite the fact that this prejudice is not severe, the Court finds that there is a high likelihood that Defendants' stay motion would succeed on the merits. *See Mission Power*, 883 F. Supp. at 490.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cause on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Where multidistrict litigation ("MDL") is being considered or a transfer is pending, "a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997). As other district courts have established:

> [I]n a case where an MDL transfer is pending, the Court should balance three factors to determine whether a stay would meet that standard: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated.

*San Diego Unified Port Dist. v. Monsanto Co.*, No. 15-cv-00578-WQH-JLB, 2016 WL 4496826, at *1 (S.D. Cal. Feb. 1, 2016) (quoting *Buie v. Blue Cross & Blue Shield of Kan. City, Inc.*, No. 05-0534-CV-W-FJG, 2005 WL 2218461, at *1 (W.D. Mo. Sept. 13, 2005)).

While prejudice to Defendants may not be severe, the Court finds that any prejudice accruing to Plaintiffs is similarly minimal. The instant case is just over a month old and Defendants' consolidation motion is slated to be fully briefed before the JPML in late March. (*See In Re: Mednax*, ECF No. 3.) Thus, although it is unclear when the JPML will decide the motion, the consolidation issue will be fully briefed before the panel before a dismissal motion is likely to be fully briefed before this Court. While Plaintiffs argue that a stay will cause delay and inconvenience (Opp'n at 2–3, 8), it must also be considered that "if this case is transferred to the MDL, the efficiencies gained through the MDL will benefit all parties" and will "further the expeditious resolution of the litigation taken as a whole." *Pierce v. Frink*, No. 2:17-1731 WBS DB, 2017 WL 4923508, at *4 (E.D. Cal. Oct. 31, 2017) (quotations omitted).

Further, as to judicial economy, a stay would conserve judicial resources for a number of reasons. The related cases in the pending consolidation action share substantial

factual similarities to the instant case, and the parties in the related cases have either consented to stays or are likely to do so, as conceded by Plaintiffs themselves. (Opp'n at 6 n.4.) Additionally, if the case is consolidated and this Court does not preside over the multi-district litigation—which is unlikely, since two of the five cases are pending in the Southern District of Florida, where the relevant documents and witnesses are also located—then "this Court will have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge." *See Rivers*, 980 F. Supp. at 1360. "By allowing a single court to determine this issue, judicial resources will be conserved and the risk of inconsistent rulings is avoided." *Purcell v. Merck & Co.*, No. 05-cv-0443, 2005 U.S. Dist. LEXIS 41239, at *9 (S.D. Cal. June 6, 2005).

Good cause appearing, the Court **GRANTS** Defendants' Ex Parte Application to stay this action pending a decision on consolidation by the JPML. (ECF No. 8.) The action is therefore **STAYED** until a decision is issued. The parties are required to jointly notify the Court of the JPML's decision within 10 days of its issuance.

**IT IS SO ORDERED.**

**DATED: March 8, 2021**

Hon. Cynthia Bashant
United States District Judge